ALD-023                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3853
_____

IN RE:  RUSSELL F. WALKER,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Nos. 2:14-cv-00499 and 2:92-cr-00014-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 30, 2014

Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit Judges</u>

(Filed: November 17, 2014)
_____

O P I N I O N*
_____

**PER CURIAM**

Russell F. Walker, proceeding pro se, has filed a petition for a writ of mandamus,

asking us to compel the District Court to act on his pending motion filed pursuant to 28

U.S.C. § 2255.  We will deny the petition.

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In April 2014, Walker filed a § 2255 motion challenging his 1992 conviction for attempted income tax evasion, for which he has served his sentence. In September 2014, he filed the present petition for a writ of mandamus, alleging delay and asking this Court to order the District Judge assigned to the matter to expeditiously rule on his motion, or to order that another District Judge rule on the motion. In the alternative, Walker asks this Court to rule on his motion.

Mandamus is a drastic remedy that should be granted only in extraordinary circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It may be used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (citation omitted). To demonstrate that mandamus is appropriate, a petitioner must establish that he or she has "no other adequate means" to obtain the relief requested, and that he or she has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997).

As a general rule, "matters of docket control" are within the sound discretion of the District Court. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Nonetheless, an appellate court may issue a writ of mandamus when an undue delay in adjudication is "tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79. This case, however, does not present such a situation. A delay of approximately six months in the disposition of Walker's pending motion "does not yet rise to the level of a denial of due process," and is not so lengthy as to justify our intervention at this time.

2

Id.  We are confident that the District Court will rule on Walker's motion without undue delay.  Accordingly, the petition for a writ of mandamus is denied.  This denial is without prejudice to Walker's filing a new petition for a writ of mandamus should the District Court fail to act on his § 2255 motion within a reasonable time.